IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL ACTION

DZINESQUARE, INC. d/b/a
2 CRAVE, a California corporation,

    Plaintiff,

vs.

Case No. 12-CA-16565

Division 6

ELITE WHEEL WAREHOUSE MIAMI INC,
a Florida corporation, and
ELITE WHEEL DISTRIBUTORS INC.,
a Florida corporation,

    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, DZINESQUARE, INC. d/b/a 2 CRAVE, by counsel, and for its Complaint, states as follows:

## GENERAL ALLEGATIONS

1. The Plaintiff is a California corporation doing business as 2 Crave (herein referred to as "2 Crave") in various states, including the State of Florida.

2. The Defendant, ELITE WHEEL WAREHOUSE MIAMI INC is a Florida corporation.

3. The Defendant, ELITE WHEEL DISTRIBUTORS INC., is a Florida corporation.

4. The Defendants are doing business as Elite Wheel Warehouse (herein referred to as "Elite") in the State of Florida. Its principal office is located in Hillsborough County, Florida.

5. 2 Crave's business operations include manufacturing and selling after market wheels for motor vehicles. All of the wheels manufactured by and sold by 2 Crave are made

1

its logo on The Wheels, thereby making The Wheels counterfeit.

15. Elite has sold some of The Wheels to various parties, and in doing so, held out The Wheels as its own product, instead of the product of 2 Crave.

16. At various dates and locations, representatives of Elite have falsely stated to various distributors of 2 Crave and other persons that the Plaintiff is going out of business and has filed bankruptcy.

17. On October 12, 2012, counsel for the Plaintiff sent a letter to Elite demanding that it cease and desist from further sale of The Wheels. A copy of the letter is marked as Exhibit "B" and attached hereto.

18. Since receiving the cease and desist letter, Elite has continued to sell The Wheels, and has ignored the demands contained in the cease and desist letter.

## COUNT I
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

19. The Plaintiff realleges and incorporates Paragraphs 1 through 18 of the General Allegations.

20. The Plaintiff has existing business relationships with its manufacturer, and with its distributors.

21. The Defendants have knowledge of the relationships described in the preceding paragraph.

22. The Defendants' actions in selling wheels which were the Plaintiff's wheels, and counterfeiting them as their own, as well as the Defendants' statements to the Plaintiff's business associates constitute an intentional and unjustified interference with the Plaintiff's business relationships.

23. As a result of the Defendants' interference with the Plaintiff's business relationships,

3

specially to 2 Crave's specifications, and they include 2 Crave's logo and other distinctive styling and markings.

6. 2 Crave sells its wheels primarily as a wholesaler, and distributes those wheels to various distributors, who resell them to the general public.

7. 2 Crave's wheels are well known in the automotive industry for their high quality and distinctive appearance. As such, 2 Crave is able to sell its wheels at a price from which it enjoys a profit.

8. 2 Crave's business and its products have a very high reputation.

9. 2 Crave is a viable, solvent, and profitable corporation.

10. The wheels which are at issue in this case (herein referred to as "The Wheels") were manufactured by 2Crave's manufacturer in China. Said wheels were manufactured pursuant to an exclusive design owned by Plaintiff.

11. Marked as Exhibit "A" and attached hereto is an inventory showing at least some of the Plaintiff's wheels which were purchased by the Defendants from the manufacturer.

12. Plaintiff is informed and believes and based thereon alleges that sometime within the last several months, the Defendants contacted 2 Crave's manufacturer to purchase The Wheels despite the fact that the mold for The Wheels, as well their designs, are the exclusive property of the Plaintiff.

13. Elite purchased The Wheels with the knowledge of the contractual relationship between the Plaintiff and manufacturer, and with the knowledge that The Wheels were the exclusive property of the Plaintiff. .

14. After purchasing The Wheels, Elite removed 2 Crave's logo from them, and placed

2

the Plaintiff has suffered the following damages.

   a. The inability of the Plaintiff to sell its wheels for its typical profit margin;

   b. Damage to the Plaintiff's business reputation and brand name with its distributors and ultimate purchasers of the Plaintiff's wheels.

   c. Damage to the relationship between the Plaintiff and its manufacturer, and distributors.

24. In addition to compensatory damages, the Plaintiff is entitled to punitive damages to punish the Defendants from their intentional and unjustified actions.

WHEREFORE, the Plaintiff demands that the Court award the Plaintiff compensatory damages to compensate it for its losses resulting from the Defendants' actions and to award punitive damages to punish the Defendants for their actions, in the amount determined appropriate by the Court.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

25. The Plaintiff realleges and incorporates Paragraphs 1 through 18 of the General Allegations.

26. The Plaintiff had a contract with the manufacturer, , for the production of The Wheels.

27. The Defendants had knowledge of the Plaintiff's contract described in the preceding paragraph.

28. The Defendants intentionally procured the breach of the contract with  when it purchased The Wheels.

29. The Defendants had no justification for its actions.

30. The Plaintiff suffered damage from the Defendants' actions because it was unable to

4

sell its wheels for its typical profit margin.

31. In addition to compensatory damages, the Plaintiff is entitled to punitive damages to punish the Defendants from their intentional and unjustified actions.

WHEREFORE, the Plaintiff demands that the Court award the Plaintiff compensatory damages to compensate it for its losses resulting from the Defendants' actions and to award punitive damages to punish the Defendants for their actions, in the amount determined appropriate by the Court.

## COUNT III
## REPLEVIN

32. The Plaintiff realleges and incorporates Paragraphs 1 through 18 of the General Allegations.

33. Exhibit "A" provides a sufficient description of The Wheels so that they may be identified. To the best of the Plaintiff's knowledge, the value of The Wheels is in excess of $100,000, but which will be proven at the time of trial.

34. The Defendants have sold some of The Wheels, but the Plaintiff believes that Defendants still have possession of some of The Wheels at its business location in Hillsborough County, Florida.

35. The Plaintiff is entitled to possession of The Wheels pursuant to its contract with its manufacturer.

36. The Defendants wrongfully obtained the Plaintiff's wheels by its actions described above.

37. The Wheels have not been taken for a tax, assessment, or fine pursuant to law.

38. The Wheels have not been taken in execution or attachment, and at least some of The Wheels remain in the possession of the Defendant.

WHEREFORE, the Plaintiff requests this Court to set a hearing under Florida Statutes §78.065, et. seq., and upon conclusion of the hearing, order a prejudgment of replevin of The Wheels still in the Defendants' possession.

### COUNT IV
### INJUNCTION

39. The Plaintiff realleges and incorporates Paragraphs 1 through 18 of the General Allegations.

40. Upon information and belief, the Plaintiff contends that the Defendants, upon learning of this lawsuit, will dispose of The Wheels which are left in the Defendants' possession.

41. If the Defendants dispose of The Wheels, the Plaintiff will have no adequate remedy at law. Accordingly, the Plaintiff is entitled to injunctive relief to prevent the Defendants from disposing of The Wheels.

WHEREFORE, the Plaintiff requests this Court to enter a preliminary injunction enjoining and restraining the Defendants from disposing of any of The Wheels, and, upon disposing of this case upon its merits, entering a permanent injunction enjoining and restraining the Defendants from disposing of any of The Wheels.

### COUNT V
### SLANDER

42. The Plaintiff realleges and incorporates Paragraphs 1 through 18 of the General Allegations.

43. The Defendants, through its representatives, falsely stated to various parties that the Plaintiff was going out of business and filing bankruptcy.

44. The Defendants' false statements were communicated to various parties.

45. The Defendants published the false statements to third parties with the knowledge that it would likely result in inducing others to not deal with the Plaintiff.

46. The Defendants' statements played a material and substantial part in inducing third parties to not deal with the Plaintiff.

47. As a result of the Defendants' false statements, the Plaintiff suffered damages in loss of sales, as well as loss in its brand name value.

WHERFORE, the Plaintiff requests this Court to award it compensatory damages related to its loss of sales and brand name value, and punitive damages in an amount determined appropriate by the Court to punish the Defendants for their actions.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff against the Defendants, jointly and severally, and to award the Plaintiff the compensatory and punitive damages stated above, plus its court costs and a reasonable attorney fee. The Plaintiff further requests the Court to enter such other relief the Court deems appropriate.

Respectfully submitted this 29th day of October 2012.

_O. Riv Os_____
O. REGINALD OSENTON, ESQ.
Florida Bar No. 693251
JOSHUA A. LAW, ESQ.
Florida Bar No. 086083
Attorneys for Plaintiff
Osenton Law Offices, P.A.
510 Vonderburg Drive
Suite 310
Brandon, Florida 33511
(813) 654-5777